**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

SANTIAGO GELVES LOZANO, on behalf of all others similarly situated,

Plaintiff,

v.

KBJ CONSTRUCTION CORP. and BIENVENIDO MEJIA,

Defendants.

-----------------------------------------------------------X

Case No.: 1:26-cv-9344

**COLLECTIVE ACTION COMPLAINT WITH DEMAND FOR JURY TRIAL**

Plaintiff Santiago Gelves Lozano ("Plaintiff"), through his attorneys, Sage Legal LLC, alleges against KBJ Construction Corp. ("KBJ") and Bienvenido Mejia ("Mejia") (together, "Defendants"), on personal knowledge as to his own experiences and on information and belief as to matters within Defendants' knowledge, as follows:

## NATURE OF THE ACTION

1. This action seeks unpaid minimum wages, overtime compensation, earned wages, statutory damages, and related relief arising from Defendants' employment of Plaintiff as a construction laborer from January 30, 2024 through October 26, 2024.

2. Plaintiff ordinarily worked seven (7) days and approximately forty-nine (49) hours per week for a flat rate of $110.00 per day, totaling $770.00 per week.

3. Defendants paid no additional overtime premium.

4. They also failed to pay any of the promised daily wages for thirty (30) identified workdays in September and October 2024.

5. Even when Defendants paid the full $110.00 daily rate, that compensation equaled approximately $15.71 per hour for a seven-hour day, below New York City's $16.00 minimum wage in 2024.

6. Defendants also failed to pay the overtime compensation required after forty (40) hours in a workweek.

7. Plaintiff brings his Fair Labor Standards Act ("FLSA") claims under 29 U.S.C. §§ 206, 207, and 216(b) on behalf of himself and similarly situated employees who file written consents to join.

8. He brings his New York Labor Law ("NYLL") and common-law claims individually.

9. Plaintiff seeks the fullest recovery permitted by law, with appropriate credits for wages actually paid.

**JURISDICTION AND VENUE**

10. This Court has federal-question jurisdiction over the FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. This Court has supplemental jurisdiction over Plaintiff's related New York claims under 28 U.S.C. § 1367(a), because those claims arise from the same employment, work, compensation practices, and failures to pay as the federal claims.

12. Venue is proper under 28 U.S.C. § 1391(b)(2).

13. A substantial part of the events and omissions giving rise to these claims occurred in the Bronx, New York, where Plaintiff performed construction labor for Defendants.

14. The Bronx is within this District.

15. Defendants employed Plaintiff and conducted the employment activities at issue in New York, including in this District.

16. These claims arise from those New York activities, and Defendants are subject to personal jurisdiction in this Court.

**PARTIES AND EMPLOYMENT RELATIONSHIP**

17. Plaintiff Santiago Gelves Lozano is an adult individual residing in Wisconsin.

18. During the relevant period, he worked for Defendants as a construction laborer in New York.

19. Defendant KBJ is the construction business known to Plaintiff as KBJ Corp. and identified in this action as KBJ Construction Corp.

20. During Plaintiff's employment, that business operated from 2930 Davidson Avenue, Bronx, New York 10468.

21. KBJ employed Plaintiff to perform construction labor in the ordinary course of its business and accepted and benefited from that labor.

22. Defendant Bienvenido Mejia is an adult individual who, upon information and belief, resides in New York.

23. Mejia was Plaintiff's work manager and acted directly in KBJ's interest in relation to Plaintiff's employment.

24. Mejia supervised Plaintiff's work and, upon information and belief, exercised operational authority over Plaintiff's employment conditions and payment of wages.

25. He was involved in the employment relationship through which Plaintiff supplied labor and sought payment.

26. KBJ and Mejia were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d) and NYLL §§ 190(3) and 651(6).

27. They suffered or permitted his work, exercised control over the employment relationship, and are jointly and severally liable for the wage violations alleged against them.

28. Plaintiff's principal duties were manual construction labor.

29. He was not employed in an executive, administrative, or professional capacity and was not exempt from the minimum-wage and overtime protections at issue.

**FLSA COVERAGE**

30. During the relevant employment period, Defendants operated a construction business whose related activities were performed through unified operation or common control for a common business purpose, constituting an enterprise under 29 U.S.C. § 203(r).

31. Upon information and belief, during 2024 the enterprise's annual gross volume of sales made or business done was at least $500,000.00, exclusive of separately stated retail excise taxes.

32. Upon information and belief, employees of that construction enterprise, including Plaintiff, handled or otherwise worked with construction goods, tools, or materials that had moved in interstate commerce before being used in the business.

33. Defendants' enterprise therefore was engaged in commerce within 29 U.S.C. § 203(s)(1)(A).

**FACTUAL ALLEGATIONS**

34. Defendants employed Plaintiff from January 30, 2024 through October 26, 2024, a period spanning approximately thirty-nine (39) weeks.

35. Plaintiff ordinarily worked Monday through Sunday, beginning at approximately 8:00 a.m. and finishing at approximately 3:00 p.m., for approximately seven (7) hours of compensable work per day.

36. In a usual full seven-day workweek, Plaintiff therefore worked approximately forty-nine (49) hours, including nine hours beyond forty.

37. Defendants agreed to compensate Plaintiff at a flat rate of $110.00 for each day worked.

38. When Defendants paid all seven daily amounts for a forty-nine (49) hour week, they paid $770.00 and no additional overtime premium.

39. For example, in his usual full seven-day workweeks before the wholly unpaid periods in September and October 2024, Plaintiff worked approximately forty-nine (49) hours and received only the seven daily payments totaling $770.00; he received no separate premium for the nine (9) overtime hours.

40. The flat day rate did not increase when Plaintiff's weekly hours exceeded forty.

41. Defendants knew or had reason to know the hours Plaintiff worked because they assigned, supervised, and accepted that work.

42. Dividing $770.00 by forty-nine hours yields approximately $15.71 per hour.

43. New York City's applicable minimum wage in 2024 was $16.00 per hour, so Plaintiff's lawful regular rate for overtime purposes was no less than $16.00, and his overtime rate was no less than $24.00 per hour. See NYLL § 652(1-a)(a); 29 C.F.R. §§ 778.5 and 778.112; 12 N.Y.C.R.R. § 142-2.2.

44. For a fully paid forty-nine (49) hour week at the stated schedule, the minimum lawful New York wages were $856.00: forty (40) hours at $16.00 and nine (9) hours at $24.00.

45. Against a $770.00 payment, the combined minimum-wage and overtime shortfall was $86.00 per week.

46. Defendants failed to pay Plaintiff the promised daily wages for the following workdays, all in 2024:

(a) September 15 through September 21: seven workdays, approximately forty-nine (49) hours, and $770.00 in unpaid promised daily wages;

(b) September 23 through September 28: six workdays, approximately forty-two (42) hours, and $660.00 in unpaid promised daily wages;

(c) September 30 through October 5: six workdays, approximately forty-two (42) hours, and $660.00 in unpaid promised daily wages;

(d) October 7 through October 11: five workdays, approximately thirty-five (35) hours, and $550.00 in unpaid promised daily wages; and

(e) October 15 through October 20: six workdays, approximately forty-two (42) hours, and $660.00 in unpaid promised daily wages.

47. These identified periods total thirty (30) workdays, approximately 210 hours, and $3,300.00 in unpaid promised daily wages.

48. The $3,300.00 does not include the additional amounts necessary to satisfy applicable minimum-wage and overtime requirements.

49. During fully unpaid workweeks in September and October 2024, Plaintiff received no compensation for his labor, causing his weekly compensation to fall below both the federal and applicable New York minimum wages.

50. Defendants also failed to pay overtime compensation in unpaid workweeks in which Plaintiff worked more than forty (40) hours.

51. Plaintiff requested payment of his unpaid wages.

52. Defendants refused to pay, and their continued failure to pay caused Plaintiff to stop working for them on or about October 26, 2024.

53. The earned wages identified above remained unpaid after his employment ended.

54. Plaintiff was a manual worker under NYLL § 190(4).

55. His earned wages were due within the weekly payment requirements of NYLL § 191(1)(a), and his wages upon termination were due no later than the regular payday for the period in which his employment ended under NYLL § 191(3).

56. The withholding of the identified earned wages was not an authorized statutory deduction or a deduction authorized by Plaintiff for his benefit.

57. Defendants retained the benefit of his labor without paying the compensation earned.

58. Defendants did not provide Plaintiff with the written hiring notice required by NYLL § 195(1)(a), accurately stating the employer's identity, pay basis, regular and overtime rates, and regular payday in English and his primary language, Spanish.

59. Defendants did not furnish Plaintiff with accurate wage statements with each payment setting out the dates covered, regular and overtime hours, applicable rates, gross and net pay, and deductions as required by NYLL § 195(3).

60. The absence of accurate hours and rate information prevented Plaintiff from calculating the overtime compensation owed and checking whether Defendants were paying him correctly while the wage shortfalls accumulated.

61. Upon information and belief, Defendants failed to maintain accurate and complete records of Plaintiff's hours and compensation.

62. Plaintiff therefore relies on his recollection and the identified unpaid work periods, subject to the employment and payroll records within Defendants' possession or control.

63. Defendants set or administered the flat compensation arrangement, knew the hours being worked, paid no overtime premium for the regular seven-day schedule, and withheld entire periods of earned wages despite Plaintiff's request for payment.

64. Upon information and belief, they knew their pay practices violated the wage laws or recklessly disregarded that possibility.

65. The pay practices caused Plaintiff an actual loss of earned compensation.

66. He seeks unpaid wages, statutory relief, and other recoverable damages in amounts determined from the hours worked and payments actually made.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

67. Under 29 U.S.C. § 216(b), Plaintiff seeks to proceed for himself and the following similarly situated employees who timely file written consents to join: all current and former nonexempt construction laborers employed by Defendants in New York during the three years preceding each employee's commencement of an FLSA claim who were paid a flat daily rate without the required premium for hours over forty in a workweek, or whose unpaid work caused their weekly compensation to fall below the federal minimum wage (the "Collective").

68. The proposed three (30) year period is based on the allegation of willful violations.

69. Each employee's recoverable period depends on that employee's commencement date under 29 U.S.C. § 256, the applicable limitations period under § 255(a), and any tolling supported by law and facts.

70. Plaintiff is aware of at least three (3) individuals reported to have similar wage claims.

71. The precise number and identities of all eligible employees, their work periods, and their compensation are ascertainable through Defendants' records and discovery.

72. Upon information and belief, Plaintiff and the Collective performed comparable nonexempt construction labor for Defendants, were subject to the same flat-rate compensation or nonpayment practices, and were denied overtime premiums or federal minimum wages through those practices.

73. Material common questions include whether Defendants were employers covered by the FLSA; whether the day-rate policy omitted required overtime; whether unpaid workweeks violated the federal minimum wage; whether the violations were willful; and whether Defendants can establish good faith sufficient to avoid liquidated damages.

74. Differences in exact employment dates, hours, and unpaid amounts can be addressed through employee-specific calculations.

75. The shared compensation practices and employer-control questions permit common resolution of material liability issues.

76. Plaintiff requests court-authorized notice, at the appropriate procedural stage, to employees shown to be similarly situated, with reasonable disclosure of their names and last known contact information for that purpose.

**COUNT I**
**FAILURE TO PAY FEDERAL MINIMUM WAGES**
**29 U.S.C. §§ 206(a) and 216(b)**
*(Plaintiff and the Collective against both Defendants)*

77. Plaintiff incorporates paragraphs 1 through 76 as if fully set forth here.

78. The FLSA required Defendants to pay covered, nonexempt employees at least $7.25 per compensable hour, measured within each workweek.

79. By failing to pay for the work described above, including fully unpaid workweeks, Defendants paid Plaintiff and similarly situated Collective members less than the federal minimum wage for those workweeks.

80. Plaintiff and affected Collective members are entitled to unpaid federal minimum wages, an equal amount as liquidated damages, and reasonable attorneys' fees and costs under § 216(b).

**COUNT II**
**FAILURE TO PAY OVERTIME COMPENSATION**
**29 U.S.C. §§ 207(a)(1) and 216(b)**
*(Plaintiff and the Collective against both Defendants)*

81. Plaintiff incorporates paragraphs 1 through 80 as if fully set forth here.

82. The FLSA required Defendants to compensate covered, nonexempt employees at one and one-half times the lawful regular rate for work beyond forty (40) hours in a workweek.

83. A flat daily payment does not satisfy the additional overtime obligation.

84. The regular rate cannot fall below an applicable higher state minimum wage. See 29 C.F.R. §§ 778.5, 778.112.

85. Plaintiff regularly worked approximately forty-nine (49) hours per week, including nine (9) overtime hours, but Defendants paid no overtime premium.

86. In workweeks for which they withheld daily wages, Defendants also failed to pay the straight-time component of compensation due for overtime hours.

87. Defendants thereby violated 29 U.S.C. § 207(a)(1).

88. Plaintiff and affected Collective members seek unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under § 216(b).

89. The violations were willful within § 255(a) for the reasons alleged above.

90. Plaintiff invokes the three (3) year limitations period, subject to proof, and seeks liquidated damages because the violations were not in good faith with objectively reasonable grounds.

**COUNT III**
**FAILURE TO PAY NEW YORK MINIMUM WAGES**
**NYLL §§ 652 and 663**
*(Plaintiff individually against both Defendants)*

91. Plaintiff incorporates paragraphs 1 through 90 as if fully set forth here.

92. For Plaintiff's covered New York City work in 2024, Defendants were required to pay at least $16.00 per hour under NYLL § 652(1-a)(a).

93. Defendants violated that requirement both by paying $110.00 for seven hours of work, an effective hourly rate below $16.00, and by failing to pay any wages for the identified unpaid workdays.

94. Under NYLL § 663, Plaintiff seeks the unpaid minimum-wage shortfall, liquidated damages equal to the recoverable underpayment, prejudgment interest as permitted by law, and reasonable attorneys' fees and costs.

**COUNT IV**
**FAILURE TO PAY NEW YORK OVERTIME COMPENSATION**
**NYLL §§ 650 et seq., 663; 12 N.Y.C.R.R. § 142-2.2**
*(Plaintiff individually against both Defendants)*

95. Plaintiff incorporates paragraphs 1 through 94 as if fully set forth here.

96. Defendants were required to pay Plaintiff one and one-half times his lawful regular rate for all hours beyond forty (40) in a workweek.

97. For the New York City work at issue, that overtime rate was at least $24.00 per hour.

98. Defendants violated that requirement by paying only the flat daily amounts for Plaintiff's usual forty-nine (49) hour weeks and by withholding compensation for overtime hours in unpaid workweeks.

99. Plaintiff seeks unpaid overtime compensation, liquidated damages, prejudgment interest as permitted by law, and reasonable attorneys' fees and costs under NYLL § 663.

**COUNT V**
**FAILURE TO PAY EARNED AND FINAL WAGES**
**NYLL §§ 191(1)(a), 191(3), and 198**
*(Plaintiff individually against both Defendants)*

100. Plaintiff incorporates paragraphs 1 through 99 as if fully set forth here.

101. Plaintiff earned wages as a manual worker.

102. Defendants were obligated to pay those wages within the applicable weekly deadlines and to pay his final earned wages by the regular payday for his final pay period.

103. Defendants failed to pay at least $3,300.00 in promised daily wages for the thirty (30) identified workdays and did not cure that nonpayment by the applicable paydays or after his employment ended.

104. Those wages remain due, together with any additional earned wages established by the evidence.

105. This count seeks wages never paid, not a second recovery of wages paid late.

106. Plaintiff seeks the unpaid earned wages and relief available under NYLL § 198, including liquidated damages where authorized, prejudgment interest, and reasonable attorneys' fees and costs.

**COUNT VI**
**UNAUTHORIZED WITHHOLDING OF EARNED WAGES**
**NYLL §§ 193 and 198**
*(Plaintiff individually against both Defendants)*

107. Plaintiff incorporates paragraphs 1 through 106 as if fully set forth here.

108. Defendants withheld Plaintiff's earned compensation without a lawful statutory basis or an authorized deduction for his benefit.

109. NYLL § 193(5) provides that unauthorized withholding of wages is not exempt from liability merely because all or part of the wages are withheld.

110. Defendants' withholding of the identified earned wages violated NYLL § 193.

111. Plaintiff seeks the withheld wages, nonduplicative liquidated damages where authorized, prejudgment interest, and reasonable attorneys' fees and costs under NYLL § 198.

**COUNT VII**
**FAILURE TO PROVIDE REQUIRED WAGE NOTICE**
**NYLL §§ 195(1)(a) and 198(1-b)**
*(Plaintiff individually against both Defendants)*

112. Plaintiff incorporates paragraphs 1 through 111 as if fully set forth here.

113. Defendants failed to provide the required accurate written wage notice within ten (10) business days of Plaintiff's first day of employment, including the required pay-rate and employer information in English and Spanish.

114. The omitted information and resulting inability to calculate and verify compensation alleged above impaired Plaintiff's ability to identify the ongoing wage shortfalls.

115. Plaintiff seeks relief for the notice violation and its resulting harm, not merely for the existence of an informational omission.

116. Under NYLL § 198(1-b), Plaintiff seeks $50.00 for each workday the violation occurred or continued, up to $5,000.00, plus reasonable attorneys' fees and costs.

**COUNT VIII**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**NYLL §§ 195(3) and 198(1-d)**
*(Plaintiff individually against both Defendants)*

117. Plaintiff incorporates paragraphs 1 through 116 as if fully set forth here.

118. Defendants failed to furnish accurate statements with Plaintiff's wage payments showing the required hours, rates, pay-period information, and other wage information.

119. Their omission of regular and overtime information prevented Plaintiff from calculating and checking the compensation owed as alleged above.

120. Under NYLL § 198(1-d), Plaintiff seeks $250.00 for each workday the statement violation occurred or continued, up to $5,000.00, plus reasonable attorneys' fees and costs.

**COUNT IX**
**BREACH OF EMPLOYMENT COMPENSATION AGREEMENT**
*(Plaintiff individually against KBJ)*

121. Plaintiff incorporates paragraphs 1 through 120 as if fully set forth here.

122. KBJ and Plaintiff entered into an employment compensation agreement under which Plaintiff would provide construction labor and KBJ would pay $110.00 for each day worked.

123. Plaintiff performed the agreed labor, including the thirty (30) identified unpaid workdays.

124. KBJ accepted that performance but breached its payment obligation by failing to pay at least $3,300.00 in promised daily wages.

125. Plaintiff suffered contract damages in at least that amount, to be determined from the evidence, plus prejudgment interest as permitted by law.

**COUNT X**
***QUANTUM MERUIT* / UNJUST ENRICHMENT**
**PLEADED IN THE ALTERNATIVE UNDER FED. R. CIV. P. 8(d)**
*(Plaintiff individually against KBJ)*

126. Plaintiff incorporates paragraphs 1 through 125 as if fully set forth here.

127. If no enforceable compensation agreement governs any of the unpaid labor at issue, Plaintiff alternatively alleges that he performed that labor in good faith, KBJ requested or knowingly accepted and benefited from it, and Plaintiff reasonably expected to be paid.

128. The agreed daily amount and compensation for comparable work establish evidence of the reasonable value of the accepted services, subject to applicable statutory wage floors.

129. KBJ has retained the benefit of at least thirty unpaid workdays without paying their value.

130. It would be inequitable for KBJ to retain those services without compensation.

131. Plaintiff seeks their reasonable value and prejudgment interest as permitted by law, only to the extent an enforceable contract does not control and without duplicating any statutory or contract recovery.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Authorizing this action to proceed as an FLSA collective action under 29 U.S.C. § 216(b), and, on an appropriate showing, authorizing notice to similarly situated employees and reasonable disclosure of the contact information needed to provide that notice;

B. Awarding Plaintiff and participating Collective members unpaid federal minimum wages and overtime compensation, and awarding Plaintiff his additional unpaid New York minimum wages, overtime, earned and final wages, or alternative common-law damages, in amounts established by the evidence;

C. Awarding liquidated damages as authorized by the FLSA and NYLL, without cumulative liquidated damages under both statutes for the same wage loss;

D. Awarding Plaintiff statutory wage-notice and wage-statement damages under NYLL §§ 198(1-b) and 198(1-d), upon the required showing, up to the applicable statutory limits;

E. Awarding prejudgment interest on amounts for which it is legally recoverable, and post-judgment interest under 28 U.S.C. § 1961;

F. Awarding reasonable attorneys' fees and costs under the FLSA and NYLL, including recoverable fees and costs of enforcement;

G. Providing for the increase in the unpaid judgment required by NYLL § 198(4) if its statutory conditions are satisfied; and

H. Granting such other relief as the Court finds appropriate and authorized by law, with no duplicate recovery for the same injury.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: Jamaica, New York
October 27, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*__/s/ Emanuel Kataev, Esq._*

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Santiago Gelves Lozano*
*and the FLSA Collective*